Battle, J.
 

 The only question made on the trial was, whether the deed, under which the lessor of the plaintiff claimed, had been duly proved and registered. The act of 1852, ch. 133, (Rev. Code, ch. 37, sec. 2,) authorises the clerks of the county courts to take and certify the probate of deeds, &c., in their respective counties, and the objection to the certificate of probate in the present case is, that it does not state that the probate was taken by the clerk in his office, and that a record thereof was made by him. There is certainly nothing of the kind expressl,y required of him by the •act, and we cannot discover any thing in its policy which would justify us in making such a requisition by construction. The terms of the law seem to be fully complied with, when the certificate of the clerk, followed by an order of registration, is endorsed upon, or annexed to the deed, and shows that the probate was duly made before him, in his proper county. That is a sufficient authority for the registration of the instrument by the register, and is all that has ever been deemed necessary in the certificate and fiat of a Judge. In the Revised Code, the authority to take the probate of deeds and
 
 *481
 
 other instruments, is conferred upon both officers in the same terms, and we cannot perceive any good reason why more should appear in the certificate of the one, than in that of the other, except in the particular, that the clerk’s certificate must show that he is acting within his own county. The certificate and order, in the present case, were amply sufficient to authorise the registration, which the certificate of the register shows, was duly made, and the deed was, therefore, properly admitted in evidence. There is no error.
 

 Pee CueiaM. Judgment affirmed.